## Strong & Buck *v.* Eliab Mitchell, and James T. Phelps, Trustee.

Where one summoned as trustee had, previous to the service of the trustee process upon him, signed a promissory note as co-surety with the principal defendant, and he paid the note after the trustee process was served upon him, it was held, that he was entitled to deduct from the funds in his hands one half of the amount so paid,—being the amount for which he was entitled to call upon the principal defendant for contribution as co-surety.

But he was not allowed to deduct from the funds in his hands the amount of a note, due from the principal defendant to a third person, which he had promised to pay for the principal defendant prior to the service of the trustee process, but which promise was void by the statute of frauds.

TRUSTEE PROCESS. The trustee disclosed, that he was indebted to the principal defendant upon certain promisory notes, and also that he had a quantity of manganese, belonging to the principal defendant; and he claimed to be allowed for certain offsets. And among other things the trustee disclosed, that, previous to the service of the trustee process upon him, he had signed, as co-surety with the principal defendant, two promissory notes to one Cheever, and that he had paid the whole amount due thereon, after the trustee process was served upon him. He also disclosed, that he was authorized to pay some of the debts of the principal defendant out of the funds

in his hands, and that, prior to the service of the trustee process upon him, he had promised, verbally, to pay to one Winslow a note which the principal defendant had executed to one Pinney, or bearer, as soon as he could raise money from the sale of the property in his hands.   And the trustee claimed, that, in addition to his other off-sets, in reference to which there was no controversy, he should be allowed to retain, from the funds in his hands, the amount of the Pinney note, and one half of the amount which he had paid upon the Cheever notes.   But the county court decided, September Term, 1844,—Williams, Ch. J., presiding,—that he could not be allowed to retain either of those sums;—to which decision the trustee excepted.

*S. H. Hodges* for trustee.

The amount paid by the trustee on the Cheever notes should have been deducted from the sum he owed to the defendant.

1. The general rule in foreign attachment is, that the trustee "is to be allowed all his demands against the principal, of which he ' could avail himself in any form of action, or any mode of proceed-' ing, between himself and his principal."   *Hathaway* v. *Russell,* 16 Mass. 473.   *Smith* v. *Stearns,* 19 Pick, 20.   Accordingly he has been allowed payments made by him, after the commencement of the suit, as surety for the principal.   *Boston Type and Ster. Co.* v. *Mortimer,* 7 Pick. 166.   Had the defendant sued this trustee on his notes, he could have availed himself of this payment in various ways.

2. Our statute contemplates the state of the accounts between the defendant and his trustee, when the action is tried.   Had Mitchell paid the Cheever notes, after the commencement of this suit, he would have had a clear demand against Phelps for a contribution, on the strength of which Phelps would have been adjudged his trustee.   It is but justice to give Phelps the benefit of a similar claim against Mitchell.

3. The nature of the action for a contribution shows, that the claim is founded on an implied contract.   *Deering* v. *Winchelsea,* 2 B. & P. 270.   It comes strictly within the letter of the statute,— Rev. St. 194, § 35,—which is not confined to contracts entered into before the commencement of the action.

Strong et al. *v.* Mitchell et al.

*Briggs & Williams* for plaintiffs.

The plaintiffs' claim is for the goods and credits of the principal defendant in the hands of the trustee at the time of the service of the writ upon him. Rev. St. c. 29, § 4. Section five specifies all payments or liabilities of the trustee after this time, for which he will be protected. The thirty fifth section must be construed in connection with sections four and five,—which will limit the demands, which the trustee is allowed to retain, to such as existed at the commencement of the suit. The trustee's claim, upon the Cheever notes, did not accrue until after that time. The thirty fifth section gives to the trustee the same rights, which he would have had under the statute in relation to offsets, if a suit had been commenced against him by the principal defendant. In such an action, commenced at the time of the commencement of this suit, he could not have set off the amount subsequently paid by him upon the Cheever notes. Rev. St. c. 34, § 4. *Carpenter v. Coit,* 1 D. Ch. 88. If the notes, upon which the trustee was adjudged chargeable, had been assigned by the principal defendant to the plaintiffs at the time of the service of this writ, the trustee would have been liable for their full amount. The object and intent of our attachment and trustee laws is, to give to creditors, by means of legal proceedings, the same rights and security upon the property of the debtor, which the debtor might voluntarily give them.

The opinion of the court was delivered by

BENNETT, J. The thirty-fifth section of the trustee act provides, " that the trustee shall be allowed to deduct out of the credits in his hands all his demands, founded on contract, express, or implied, against the principal defendant; and he shall be adjudged trustee only for the balance." This section does not require the indebtedness absolutely to exist at the time, when the trustee suit was commenced. If, before final disclosure, the principal defendant becomes indebted to the trustee, in consequence of his being compelled to pay a sum of money for the use of the principal debtor, by reason of any liabilities assumed *prior* to the service of the trustee process, it would seem to be consistent with the object and views of the legislature, and the general tenor of the statute, to allow the

Strong et al. v. Mitchell et al.

trustee to offset such demand and be chargeable only for the balance, if any.

In this case the trustee had, as *co-surety* with the principal debtor, become absolutely holden to Cheever before he was summoned as trustee, and had no means, by which he could discharge himself, without payment. When the trustee had paid the notes, his right of action was complete, against his *co-surety*, for one moiety of the sum so paid. In *Ward* v. *Leland et al.*, 1 Metc. 387, Chief Justice SHAW says, "The right of action, as between co-sureties, for contribution, grows out of the original implied agreement, that, if one shall be compelled to pay the whole, or a disproportionate part, of the debt, the other will pay such a sum, as will make the common burden equal;"—though the right of action accrues only from the time of payment. See also *Stothoff* v. *Dunham's, Ex'rs*, 4 Harr. 182. So a surety has a right of action against the principal, upon an implied contract in law, whenever he has been compelled to pay money on account of his assumed liability; yet the right of action in this case is also from the time of such payment. See *Davies* v. *Humphrey*, 6 Mees. & Wels. 167.

I have no doubt, the foundation of contribution is a fixed principle of *equality*, and that the right to contribution arises, in a certain sense, out of principles of equity, independant of contract. This is pre-eminently true in the case of *Peter* v. *Rich*, 1 Chanc. Rep. 35; in which it was held, that two out of three sureties were bound to pay in moieties, the third being insolvent. This is said to be the principle, which prevails in such a case, only in chancery. If, however, the surety, who pays the whole debt, goes against any other one of the sureties, for his aliquot proportion, only, of the money paid, he may have redress at law. In such a case, I conceive, as is said by Ch. J. SHAW, in *Wood* v. *Leland et al.*, the right may well be said to grow out of an original implied agreement between the sureties, when they became such. The plaintiff ought not to stand in a better condition than the principal debtor, and be enabled to call out of the hands of the trustee money which the principal debtor could not do.

Though the trustee had no right of offset against the principal debtor, at the time when the suit was commenced, yet it was complete when the disclosure was filed; and if the principal debtor had

sued the trustee before the payment of the Cheever notes, the trustee might have brought his cross action; and the court, if justice required it, would keep the causes together, so that the judgments might be offset.

In regard to the Pinney note, we think the trustee should not be allowed to retain any thing on that account. His undertaking to pay the note, not being in writing, was within the statute of frauds and not binding; and if he had paid it after the service of the trustee process, it might well be regarded as a voluntary payment. *Hazeltine* v. *Page*, 4 Vt. 49. In the present case, however, no payment has in fact been made.

The result, then, is, that the judgment of the county court is reversed, and judgment rendered, that the trustee is chargeable for the sums of money and the manganese, as found by the county court,—adding to the amount deducted by that court one half of the sum paid to take up the Cheever notes, and the interest on the same:—The clerk will make the computation accordingly.