Noyes et al. *v.* Hickok, Tr.

M. NOYES & CO. *v.* JAMES W. HICKOK, *Trustee of* ISAAC DOW.

*Assignments, when void under the act of 1843, and when considered as partial only. Extent of trustee's right to offset claims in his favor.*

To render an assignment void under the act of 1843, as a general assignment, it must be of *substantially all the debtor's property,* and *in trust for the benefit of his creditors.*

An assignment which does not purport to be a transfer of all the debtor's property, and where there appears to have been retained by the assignor nearly as much property as was transferred to the assignee, should be regarded as a partial assignment only, and therefore not void under the act of 1843.

The right of a trustee to retain claims in his favor, out of the effects in his hands, extends only to existing demands founded on contract, and not to matters on which the trustee stands simply as surety, unless he has absolutely assumed their payment.

TRUSTEE PROCESS. The trustee disclosed, that on the 29th of July, 1852, the principal defendant assigned to him certain property for the purpose of securing the payment of several debts, due from the principal defendant, on some of which, the trustee himself was holden, and on the remainder of which other persons were liable, as his sureties. The disclosure was voluminous; and as all the facts disclosed, upon which the case was decided by the supreme court, appear in their opinion, a recapitulation of them here is unnecessary.

Upon the disclosure, there being no other testimony, the county court, May term, 1854,—POLAND, J., presiding,—adjudged that the trustee was not liable, to which decision the plaintiffs excepted.

*W. W. Peck* and *E. Harvey,* for the plaintiffs, claimed that the assignment was void. 1. Under the statute of frauds as "a contract tending to avoid a debt." 2. Because it conferred a power to sell on credit. 3. Because it conferred the power of indefinite postponement. And that if the assignment was void, the trustee had no valid claim under it on account of any obligation he had assumed to its supposed beneficiaries. A large number of authorities were cited on each of these points, which are omitted, as they appear to have no bearing upon any question embraced in the opinion of the conrt.

To the point that the assignment, was void under the act of 1843, they cited *Dana, admr.* v. *Lull,* 17 Vt. 390. *Mussey et al.* v.

*Noyes et al.,* 26 Vt. 462; and that the trustee could not deduct a claim for which he was a surety at the time of the disclosure, *Strong & Buck* v. *Mitchell and Tr.,* 19 Vt. 644.

*Phelps & Chittenden,* for the trustee.

The assignment was not general within the act of 1843. A large amount of real and personal property belonging to the assignor was not included. It was a partial assignment to meet certain specified debts. *Mussey et al.* v. *Noyes et al.* 26 Vt. 462.

Even if it is void, the trustee is not chargeable; his own claims exceed the value of the assigned property and constitute a legal offset. Comp. Stat. Ch. 32 § 51, p. 263. The trustee process can only reach such amount as is legally recoverable of the trustee by the principal defendant, except in cases of fraud. It is of no importance how the money came into trustee's hands, *Goddard* v. *Hapgood & Tr.* 25 Vt. 351.

The opinion of the court was delivered by

ISHAM, J. The case of *Mussey* v. *Noyes et al.,* 26 Vt. 462, seems to dispose of the principal question involved in this case. It was there held, that a partial assignment by a debtor of his property for the payment of his debts, though made to one in trust, was not a general assignment within the act of 1843, rendering all general assignments void. To render a transfer void under the statute as a general assignment, it must be of *all the debtor's property* and *in trust for the benefit of creditors.* Treating those questions as having been determined, we are only to inquire in this case, whether this was a partial assignment, or whether it embraced all the debtor's property, or such a substantial part of it, as to render the part reserved, so inconsiderable in amount with reference to the whole, that it must be treated as a general assignment, and void under the statute.

The assignment on its face does not purport to be a transfer of all the debtor's property. It is somewhat difficult to arrive with much certainty at either the real value of the property assigned, or of that which remained unassigned. The transfer included the property which he had, and which is usually kept for sale by manufacturers of tin ware, and also three claims which were due the

debtor from other persons, part of which proved unavailable. The estimated value of the property transferred was about fourteen hundred dollars. The property remaining in the hands of the trustee, after that transfer, consisted of all his claims and demands except those above referred to, and amounted to between five hundred and one thousand dollars, his machinery valued at about three hundred dollars, and some other articles of personal property, including a horse and wagon. The real estate of the trustee remained in his hands, the same as before the transfer, and though incumbered, there is obviously property in those premises of considerable value, more than the amount of the incumbrances, and which would be much increased if the debt of this trustee was satisfied by the personal property assigned to him for that purpose. From the manner in which this matter is left by the disclosure, and by the plaintiff also, as he has introduced no testimony whatever to implicate it, we are inclined to think that about as much remained in the hands of the debtor, as was transferred to the trustee. Under such circumstances the transfer should be regarded as a partial assignment only, and falling within the doctrine of the case of *Mussey* v. *Baldwin*, and of similar cases in other states, where such transfers have been held valid, and as not within the statute prohibting general assignments.

In relation to the right of the trustee to retain the amount of his claims from the funds in his hands, if the assignment is to be treated as void, it is proper to observe, that the 51st section of the act, (Comp. Stat. p. 263,) giving such right, extends only to existing demands arising on contract, and not to matters on which the trustee stands simply as surety. If the trustee has absolutely assumed the payment of the debts for which he stood as surety, his right to retain that amount would probably exist under the statute; and would seem to be sustained by the case of *Strong* v. *Mitchell*, 19 Vt. 644. The cases of *Goddard* v. *Hapgood* and *Scofield* v. *Sanders*, 25 Vt. 351, 181, fall within this principle, and beyond that the authorities do not seem to extend that right. The question in this case, however, is unimportant, as the transfer is deemed valid, and the trustee can hold the property for the purposes for which it was transferred to him.

The judgment of the county court is affirmed.