JOSEPH M. BISHOP, JOHN BRADLEY, THOMAS H. CANFIELD, AND JOHN SMITH v. GEORGE G. CATLIN AND H. V. HORTON, *trustees of* MOSES L. HART AND GEORGE HART.

*General and void assignments. Rights and liabilities of the assignee under the trustee process.*

An assignment by a firm, for the benefit of their creditors, of all their right and title in certain specified real and personal property and a conveyance, at the same time, by one of the partners, for the same general object, of several parcels of land previously held by him, accompanied by an immediate suspension of the business of the firm, which is thereafterwards carried on by the assignees, will afford, in the absence of any showing to the contrary, a sufficient presumption that the assignment was of a sufficient amount of the assignor's property as to render it, in that respect, a general assignment.

If an assignment is void under our statute on account of its being a general assignment in trust for the benefit of creditors, the assignee should be allowed the amount of the assignor's indebtedness to him, and the expenses to which he has been subjected in taking care of, and selling the property, and a reasonable compensation for his services, before being made liable as the trustee of the assignor.

If the creditor of the assignor in such an assignment, instead of directly attaching the property, seeks to charge the assignee as the assignor's trustee, he thereby ratifies the assignment and any disposition of the property which the assignee has made in pursuance of it.

Under such an assignment the assignee should not be adjudged the trustee of the assignor on account of any money received by him on the sale of real estate, which was included in the assignment, the title to which may be defeated by an attachment of it by other creditors of the assignor.

TRUSTEE PROCESS. It appeared from the disclosure of the trustees, and their answers to the interrogatories filed by the plaintiffs, that the principal defendants had made an assignment of their property to the trustees who were their creditors and holden for them as sureties and endorsers. The assignment was for the benefit of, and preferred other creditors as well as the trustees. The assignees took possession of the property assigned and had converted a part of it into money. It was claimed by the plaintiffs that the assignment was void and that the trustees were chargeable for the property and money which they had received under it. The county court, May Term, 1854,—POLAND, J., presiding,—decided that the assignment was invalid and that the trustees were chargeable for the property received by them under it to the amount of the plaintiffs' judgment against the principal defendants. Exceptions by the trustees. The nature of the assignment and of the claims of the trustees under it, and the other facts stated in the disclosure and answers, sufficiently appear in the opinion of the court, which after argument by

*L. E. Chittenden,* for the trustees; and by

*W. W. Peck* and *E. Harvey,* for the plaintiffs,

was delivered by

ISHAM, J. It is not pretended that the trustees are chargeable in this case, unless a liability is created under an assignment of property to them by the Messrs. Harts, on the 23d of September, 1852. The property transferred to them consisted of real and personal estate, and was to be disposed of, by them, for the payment of their debts, and debts due to other creditors mentioned in the assignment. If that assignment is valid, the trustees should be discharged, as it appears from their disclosure, that the property is insufficient to pay the debts for which it was transferred to them. But if the assignment is void, either at common law or by statute, the trustees are chargeable under this process, and the property assigned to them must be treated as goods and effects in their hands belonging to the principal debtor. The Comp. Stat. 262, § 46, contains express provisions to that effect. In looking at this assign-

ment, we think it must be treated as void, under the law of this state, and that it cannot be held by the trustees for all the purposes mentioned in the assignment. It is not deemed necessary to decide the question, whether the assignment contains provisions which would render it void at common law, for whether it contains any such provisions or not, we are satisfied that it is void under the statute of 1843 *which declares all general assignments void.* In the first place the assignment is general in relation to the property assigned. It purports to transfer all the right and interest of Moses L. and George Hart as partners in the property mentioned in the schedule consisting of real and personal estate. A deed of several parcels of real estate was also executed by Moses L. Hart in his individual capacity ; and, as it was executed at the same time, and for the same general object, it should be treated as part of the same transaction. Those transfers, in connection with the fact, that the business, in which they were engaged, was immediately suspended, and was afterwards conducted by the trustees, raises the presumption that the assignment embraced so much of their property at least, as to render it, in that particular, a general assignment, and is sufficient to cast the burden of proof on the trustees to show it otherwise. In the second place, it was an assignment in trust. The trustees were to dispose of the property, and apply its avails in payment of their own debts, and of other preferred creditors ; and also for general creditors, whose debts were to be paid *pro rata.* These circumstances determine the character of the assignment, and bring the case within those principles which have been frequently decided in this state, and which render the transfer void, under the act, as a general assignment.

Treating that assignment as inoperative for the purposes for which it was made, the important questions in the case arise, as to the extent of the liabilities of the trustees on their disclosure. The trustees have received a considerable sum of money from the sale of personal property, and much remains uncollected. They have also received money for rents, boarding, and on the sale of real estate. The county court ruled that the assignment was invalid, and that the trustees were liable for the property received by them under the assignment to the amount of the plaintiff's judgment. That ruling, we think, cannot be sustained under the provisions of

our statute. Though the assignment may be invalid, and the property may far exceed the amount of the plaintiffs' judgment against the principal defendants, it does not follow that the trustees are liable to that extent. The statute, 262, § 46, provides, that if any person is summoned as trustee, and shall have in his possession any goods, effects or credits of the principal defendant, which he holds by a conveyance or title that is void as to the creditors of the defendant, he may be adjudged a trustee, although the principal defendant could sustain no action against him for it. By the 51st section it is provided, that " every trustee shall be allowed to retain or " deduct out of the goods, effects, and credits in his hands, all his " demands founded on contract, express or implied, against the " principal defendant, and shall be liable for the balance only, after " all such demands between him and the principal defendant are " adjusted." This provision of the statute is express. It is only for the balance found due, after such an adjustment, for which the trustees are liable, and not the amount of the property. That balance may exceed the amount of the judgment, and it may fall short of it; and indeed, the right of the trustees to retain from the effects in their hands may be so large as to exceed the value of the property transferred to them. In that event the court would be bound to discharge the trustees from all liability whatever. Before the trustees could have been held chargeable in this case, that balance should have been ascertained and determined. That not having been done, the case must necessarily be remanded for that purpose. As the case now stands, no final disposition of it can be made in this court.

In ascertaining that balance, we think, as the facts now appear in the case, that the trustees are not chargeable for the money received on the sale of the real estate. So far as these plaintiffs are concerned, the commencement of this suit will probably prevent them from levying their execution against the principal defendants on the real estate included in that assignment. It was competent for the plaintiffs, in the first place, to treat the assignment as void and proceed at once by an attachment of the property, and hold the same independent of that assignment or of any right of the assignees to it; or they could have treated the assignment as operative and valid, and charge the assignees as trustees under this

process. By instituting this suit to recover the avails of the property assigned and therein charging them as trustees under the assignment, they have not only ratified the assignment itself, but also any disposition of the property which may have been made by the trustees under it. The plaintiffs will not be at liberty, after that, to question the legality of any transfer of the property which the trustees may have made. But the other creditors, who have attached the real estate, are not so concluded. They are at liberty to take the real estate and defeat the title of the trustees and of their grantees to it. The trustees ought not to be compelled to account to the plaintiffs for this money, so long as the real estate can be taken from them or their grantees by the other creditors; particularly, if the transfer was made under circumstances which render the trustees liable to their grantees.

From the amount which may be found in the hands of the trustees there are various matters, stated in the disclosure, which the trustees may have a right to retain. It appears that the Messrs. Harts were indebted to the trustees and that the trustees were also liable for them as indorsers and as sureties. The particulars in relation to that indebtedness are not stated. Whatever that indebtedness may be, we have no doubt as to the right of the trustees to retain that amount from those effects in their hands. That right is not only given by statute, but such have been the decisions in this state, in the cases of *Godard* v. *Hapgood*, and *Scofield* v. *Sanders*, 25 Vt. 351, 181. Whether that right extends to indorsers and sureties who have not paid the debts, or assumed their payment, we are not now called upon to decide. The decisions, as yet, have not been carried to that extent. From the cases to which we were referred in 4 N. H. 469; 12 N. H. 105; 12 Mass. 140, it would seem that this right of the trustees, to retain the amount of their debts, exists independent of the statute, when the assignment is not *fraudulent in fact*. As between the parties, such assignments are good. They were valid and favored at common law; but they are now, in England, regarded as inoperative and void on the ground that such assignments contravene the principles and policy of the general bankrupt act. Those reasons have no existence in this state; and, therefore, independent of the act, such assignments have been sustained. The difficulties which have

arisen in enforcing the trust, and the liability of such assignments to abuse, is the ground upon which the act proceeds, in declaring them inoperative. As this assignment transferred a good title to this property as between the parties, and as the plaintiffs, in the commencement of this suit, seek to charge the trustees under it, and thereby to that extent affirming it, we see no impropriety, on general principles, in permitting the trustees to retain the amount of their claims. As the amount of those claims have not been ascertained, and no facts in relation to them are stated, we cannot pass upon their validity. The case must be remanded to the county court for those purposes.

The trustees have the right also, as against the plaintiffs, to deduct from the amount in their hands, the expenses of keeping, taking care of, and selling the property, as well as a reasonable compensation for their services. Those were duties devolving upon them to discharge as assignees, and, if they have the right to sell the property for the payment of their debts, they have also the right to pay reasonable charges in the performance of those duties.

The county court having held that, as the assignment was void, the trustees were chargeable to the amount of the plaintiff's judgment, no adjudication has been had upon the various matters which enter into the investigation of the case in ascertaining the balance for which the trustees are chargeable under the statute. It is within the exclusive province of the county court to determine those matters. When the facts in relation to the particular claims are found, and the balance ascertained, the case can then properly be brought into this court.

The judgment must be reversed, and the case remanded.