LEONARD BARNEY *v.* CHARLES W. GROVER.

*Surety, his equitable right in reference to his indebtedness to his principal.*

A surety has an equitable interest in his own indebtedness to his principal, arising from the implied contract of the principal to see him indemnified, which has relation back to the time of his becoming surety, and will prevail over any counter equity of a subsequent date.

A person will not be holden to an assignee for a debt due from him to the assignor, if he was liable, in an equal or greater amount, to another person, as surety for the assignor, which he has since paid, though he had not at the time of the assignment.

BOOK ACCOUNT. The auditor reported the following facts. The plaintiff failed, and on the 6th of April, 1852, assigned, for a valuable consideration, all his book accounts, among which was an account against the defendant, to Joel Volentine. At the time of said assignment there was due from the defendant to the plaintiff the sum of ninety-seven dollars and eighty-two cents, to balance book accounts between them. At that time the defendant was holden as surety for the plaintiff by having signed three promissory notes to Graves & Root, each for the sum of one hundred and eighty-seven dollars, bearing date the 25th of March, 1851, payable, one in six months, one in nine months, and one in one year from date,

which, subsequently to said assignment, and after the defendant was notified thereof, he paid and took up.

The auditor further reported that if the amount paid by the defendant upon said notes, to Graves & Root, could be allowed in offset to the plaintiff's account, there would be a balance of $576.72 due to the defendant; otherwise there would be a balance of $119.82 due to the plaintiff.

Upon this report, the county court, December Term, 1855—Pier Point, J., presiding,—rendered judgment for the defendant. Exceptions by the plaintiff.

*Robinson & Sibley* for the plaintiff.

The plaintiff is entitled to recover upon the principles decided in *Parker* v. *Kendall*, 3 Vt. 540, & *Cummings & Manning* v. *Fullam*, 13 Vt. 434.

The payment to Graves & Root, is a claim which has accrued to the defendant since the assignment and notice, and cannot be offset against the claim of the assignee; *Bishop* v. *Day et al*, 13 Vt. 81; *Taylor* v. *Mills & Maynall*, Cowp. 525.

*Stark & Hall* for the defendant.

The facts reported invested the defendant with the right, under the statute, to pay, at any time before audit, the sum he was liable for, and to have the same then adjusted; Comp. Stat. 290; *Ambler* v. *Bradley*, 6 Vt. 119; *Martin* v. *Fairbanks*, 7 Vt. 97; *Pratt* v. *Gallup*, 7 Vt. 344; *Porter & Ballard* v. *Munger*, 22 Vt. 191; *Chaffee* v. *Malarkee*, 26 Vt. 242.

To hold that this right is defeated by the assignment, is clearly inequitable. The assignee of a chose in action, takes it subject to all equities existing between the original parties, and his condition is not to be better than that of the assignor; *Foot* v. *Ketchum*, 15 Vt. 258, and cases there cited.

The opinion of the court was delivered, at the circuit session in June, by

REDFIELD, Ch. J. This is an action of book account, prosecuted for the benefit of an assignee of the account. At the time the account was assigned, there was due upon it about $100. But at

the same time the defendant had become surety for the plaintiff by signing notes with him to a much larger amount, but had paid nothing. Since that time he has paid upon these notes a larger sum than the amount due upon the account. The question is whether, as against the assignee, he is entitled to have the amount so paid, set off against the account, in the hands of the assignee.

The assignee takes the account, subject of course to all offsets and equitable defences. And we think there exists in a surety an equity from the time of his assuming the relation, by virtue of the implied undertaking, on the part of the principal, to see him indemnified, and that, although no perfected right of action accrues until actual payment. Still such payment has such reference to the original undertaking of suretyship, that it overides any equities of a subsequent date.

This was so held in a somewhat similar case, where the debt was attached by trustee process ; Strong v. Mitchell & trustees, 19 Vt. 644, where it was decided that the trustee might offset payments made under precisely the same state of facts as in the present case ; such payments being made after the service of the trustee process. The principle of that case is the same with the present.

And in the case of Beach qui tam v. Boynton, 26 Vt. 725 it was held that a surety, upon the payment of the debt, was to be regarded as a creditor from the date of his suretyship. The equity of the defendant in this case is therefore superior to that of the assignee.

Judgment affirmed.