LOUIS F. THERASSON *v.* JAMES W. HICKOK.*

[IN CHANCERY.]

*Assignment.*    *Chancery.*    *Statute of Limitations.*    *Pleadings.*    *Costs.*

L. being insolvent, and his property attached, in February, 1849, made an assignment of all his attachable property, except an interest in western land of uncertain character and amount, to H., in trust for the benefit of certain attaching creditors therein named. At the same time he agreed upon terms of composition and settlement with the creditors, under which he was to execute certain notes to them severally, which they were to accept in discharge of their debts, and were to discontinue their suits, and release the attachments, and L. was to secure these notes by an assignment of his property. Said assignment was made in fulfilment of this agreement, and the assignee was directed to sell and dispose of the property assigned, and pay these notes in equal proportions out of the proceeds, as far as funds might be realized from the sales. *Held,* that this was a general assignment, and under the act of 1843 void as against creditors; that its character as an assignment was not affected by the contract of composition and settlement.

There being an express resulting trust in the instrument for the assignor, without any provision to pay creditors not named therein, it was also void at common law.

Prior to the assignment a creditor of the assignor not named therein, had commenced a suit against the assignor by attachment of his real estate, and pending the suit assigned his debt to the orator, who prosecuted the suit until 1858, when a non-suit was entered for reasons not affecting the validity of the debt, and immediately afterwards a new suit was commenced in the name of said creditor against L. to recover this debt, and all the real estate described in said assignment remaining unsold was attached as the property of L. In November following L. died, and the orator discontinued his suit and presented his claim to the commissioners on L.'s estate, which was allowed. The orator then brought a bill in chancery against the assignee and the administrators of L.'s estate, praying, in substance, among other things, that the assignment be decreed void as against the orator, and that his debt be paid out of the assigned property, with interest and costs. *Held,* that the orator cannot be regarded as having assented to the assignment, nor is his claim barred by the statute of limitations; but he is entitled to have the assignment set aside for his benefit.

*Held,* that the subject matter of the bill is clearly within the cognizance of a court of equity.

*Held,* that the creditors provided for in the assignment are not necessary parties to the bill.

*Held,* that the assignment is not void as to other persons who became creditors of L. subsequently to the making of it, nor is it to be set aside as a nullity between the parties to it.

---

*This case was argued at the January Term, 1864; present, Ch. J. POLAND, and Judges ALDIS, BARRETT and KELLOGG.

Therasson *v.* Hickok.

The assignee is not answerable for payments made under the assignment before the filing of the orator's bill, nor should costs be charged against him; and he should be allowed his necessary expenses for converting into money that part of the assigned property still in his hands.

BILL IN CHANCERY. The case was heard at the September Term, 1863, PIERPOINT, J., presiding, upon the bill and answer of the defendant Hickok, and a statement of facts agreed upon by the parties, (all of which are sufficiently set forth in the opinion of the court,) and the court *pro forma* ordered and decreed that as to the defendant Hickok, the bill be dismissed, and that he recover his costs. From this decree the orator appealed.

*Wires & Shaw* and *E. J. Phelps*, for the orator.

The assignment was void as against the orator. 1. Under the statute of 1843, then in force, declaring all general assignments void. This was a general assignment within the meaning of that statute. It was by an insolvent for the benefit of creditors, and covered substantially all of his property. *Mussey* v. *Noyes et al.*, 26 Vt. 462 ; *Noyes et al.* v. *Hickok*, 27 Vt. 36 ; *Bishop, Smith & Co.* v. *Hart's Trustees*, 28 Vt. 73.

2. It was also void at common law, as containing an express resulting trust to the assignor, without providing for the payment of Linsley, who was a large creditor, or of other creditors not named in the assignment. *Dana, Adm'r,* v. *Lull*, 17 Vt. 390 ; *Goddard* v. *Hapgood & Tr.*, 25 Vt. 351.

It was never assented to by Linsley or the orator, directly or impliedly. *Camp* v. *Camp*, 5 Conn. 300 ; *Stewart* v. *Spenser*, 1 Curtis, 167.

The assignment thus void will be set aside in equity for the benefit of the orator. He has now no other remedy, as the death of Lovely dissolved the attachment. *Wakeman* v. *Grover*, 4 Paige, 23.

The defendant will not be allowed to charge as against the orator, payments made under the assignment, before the bringing of this bill. Burrill on Assignments, 557 ; *Wakeman* v. *Grover*, 4 Paige, 23 ; *Stewart* v. *McMinn*, 3 Watts & Serg't, 100 ; *Okie* v. *Kelly*, 12 Penn. 323 ; *Stewart et al.* v. *Spencer*, 1 Curt. C. C. Rep. 167 ; *Ward et al.* v. *Lewis*, 4 Pick. 518 ; *New England Bank* v. *Lewis*, 8 Pick. 120.

Nor for his own services and expenses in carrying out the assignment. *Hastings et al.* v. *Spencer*, 1 Curt. C. C. Rep. 504.

Creditors provided for under assignment not necessary parties. *Wakeman* v. *Grover*, 4 Paige, 23.

*Daniel Roberts*, for the defendant Hickok,

The conveyance in question does not fairly fall within the rules applicable to voluntary assignments in trust for creditors. Burrill on Assignments, 66, 320. The contract which preceded it, and other facts attending the transaction, make it otherwise.

If this could be regarded as an assignment falling within the statute of 1843, or subject to the statute against fraudulent conveyances, it was not a nullity, but only voidable by a creditor not assenting, through proper proceedings at a proper time. SPENCER, Ch. J., in *Anderson* v. *Roberts*, 18 Johns. 515 ; STORY, J., in *Bean* v. *Smith*, 2 Mason, 252 ; Roberts on Fraudulent Conveyances, 422, 423 ; *Fox* v. *Willis*, 1 Manning, (Mich.) 321 ; *Merrill* v. *Englesby*, 28 Vt. 150 ; *Edwards* v. *Mitchell*, 1 Gray, 239.

The legal validity of the conveyance should be tested by a proceeding at law. *Bishop et al.* v. *Hart's Tr.*, 28 Vt. 71 ; SPENCER, Ch. J., in *Anderson* v. *Roberts*, 18 Johns. 515, 527 ; *Edwards* v. *Mitchell*, 1 Gray 239.

A resort to chancery is not allowable in a case of this kind, at least until judgment at law is obtained. *Brinkerhoff* v. *Brown*, 4 Johns. Ch. 671 ; *Cropsey* v. *McKinney*, 30 Barb. 47 ; *Fox* v. *Willis*, 1 Manning, (Mich.) 321 ; Burrill on Assignments, 597 ; *Hastings* v. *Belknap*, 1 Denio, 190 ; *Higgins* v. *Armstrong*, 2 Johns. Ch. 144 ; *Rice* v. *Barnard*, 20 Vt. 479.

The probate court was the only proper tribunal for the orator to commence proceedings in. Genl. Stat. ch. 52, §43, *et seq.; Caswell* v. *Caswell*, 28 Maine, 232 ; *Adams* v. *Adams*, 22 Vt. 50.

The creditors named in the conveyance are necessary parties to the bill, and not being named therein the bill cannot be sustained. Burrill on Assignments, p. 599, citing, *Billups* v. *Sears*, 5 Grattan, 31, and *Stout* v. *Higbee's Ex'r*, 4 J. J. Marsh, 632.

The statute of limitations bars the suit. This statute applies as well in equity as at law. *Staniford* v. *Tuttle*, 4 Vt. 82 ; *Collard's Adm'r* v. *Tuttle*, 4 Vt. 491 ; *Tharp* v. *Tharp*, 15 Vt. 105.

Therasson *v.* Hickok.

KELLOGG, J. On the 13th February, 1849, Noble Lovely exe-cuted an instrument in writing, called an assignment, to the defend-ant Hickok, conveying all the attachable property which the assignor then had in this state or. elsewhere, excepting an interest in western lands, of uncertain character and amount, in trust for the benefit of certain creditors of the assignor, eighteen in number. All of the at-tachable property which the assignor then had in this state was then under attachment on writs in favor of these creditors severally, and the assignor had agreed upon terms of composition and settlement with these creditors, under which he was to execute his notes to them severally for fifty cents on the dollar of their respective debts, pay-able in installments, and they were to accept these notes in discharge of their debts, respectively, and were to discontinue the suits com-menced on these debts, and to release the attachments made in those suits, and he was to secure the payment of these notes by an assign-ment of all his property to the defendant Hickok in trust for the sole use and benefit of these creditors,—the assignee to sell and dis-pose of the property and, from or out of the proceeds of the sales, after deducting the expenses incident to the trust, to pay these notes in equal proportions, so far as funds might be realized from the sales. Before and at the time of making this assignment, Lovely was indebted to Caleb F. Linsley, of the city of New York, in about the sum of nine hundred dollars; and Linsley commenced a suit against Lovely to recover this debt, and, in this suit, the real estate of Lovely in Burlington was attached, prior to the making of the assignment. Subsequently, Linsley assigned his debt against Lovely to the orator for a good and valuable consideration, and this suit in favor of Linsley against Lovely was prosecuted, first by Linsley, and afterwards by the orator, until the September Term of the Chit-tenden County Court, in 1858, when a nonsuit was entered for rea-sons not affecting the validity of the debt. Immediately afterwards a new suit was commenced in the name of Linsley, against Lovely, to recover the same debt, returnable to the Chittenden County Court at the March Term, 1859, and, in this suit, all of the real estate described in the assignment executed by Lovely to Hickok which then remained unsold or undisposed of was attached as the property of Lovely. On the 14th November, 1858, Lovely died, and commis-

30

sioners of claims against his estate having been appointed, this last mentioned suit was discontinued under the statute. The orator presented the claim for the recovery of which these suits in favor of Linsley against Lovely were commenced to the commissioners of claims against Lovely's estate, and the claim was allowed at the sum of $1526.87, including interest to the 8th of June, 1859, in the name of Linsley as claimant, and the report of this allowance was duly returned to the probate court. It is not questioned that the orator is the rightful assignee of this claim, and is entitled to the same rights and remedies in respect to it which belonged to Linsley before his assignment of the claim, or which Linsley himself could enforce if he were living and had not assigned the claim ; and it is admitted that the estate of Lovely is insolvent, and that nothing has been paid on account of this debt or its allowance. The orator's bill alleges that Lovely was insolvent when he made his assignment to Hickok ;—that Hickok accepted the assignment, and received under it the possession of all the assigned property, and has sold and disposed of all or nearly all of the personal property and of a large portion of the real estate received by him under the assignment, and has reduced the same to money ;—that the debt due from Lovely to Linsley was an existing and valid debt at the time when the assignment was made by Lovely to Hickok ;—that no provision for the payment of this debt, or any part of it, was made in this assignment, and that this assignment was illegal, fraudulent, and void as to Linsley and the orator and all other creditors of Lovely who were not provided for in it ;—and that the property conveyed by the assignment justly belongs to the administrators of the estate of Lovely for the benefit of creditors having claims allowed against his estate. And the orator prays that this assignment may be decreed to be void as against him, and may be set aside so far as it affects his right of payment out of the assigned property, and that the defendant Hickok may account under the direction of the court for all of the assigned property which was received by him, and the proceeds thereof, and may be decreed to transfer and pay over to the administrators of Lovely's estate the same or so much thereof as will be sufficient to pay the debt due to the orator as the assignee of Linsley, with the interest, and the costs and expenses of this suit ; and that the ad-

ministrators may be decreed to receive the funds and take possession of the property, and pay to the orator the amount of his claim, interest, and costs out of the same, or that the defendants be decreed to dispose of the property and assets, and the proceeds thereof, according to law, and to permit the orator to share or participate therein, and to be paid out of the same, as in justice and equity he may be entitled in the judgment of the court. The cause stood for hearing, and was heard, on the bill, answer of the defendant Hickok, and a statement in writing of facts agreed on by the parties.

The first and principal question in this case relates to the character of the assignment by Lovely to the defendant Hickok, and its validity as against the right of Linsley, now represented by the orator. It is admitted that the assignment comprised all the attachable property of Lovely in this state or elsewhere, except an interest in western lands of uncertain character and amount; and, considering the instrument by itself, it can be regarded in no other light than as a trust assignment for the benefit of creditors. It contains the usual provisions authorizing the assignee to dispose of the assigned property, and to distribute the proceeds among certain creditors in proportion to the amount of their claims, and also an express provision that the assignee shall hold all of the property which shall come into his possession under the assignment in trust for the benefit of those creditors. The act of 1843, which was in force when this assignment was executed, provides that " all general assignments made by debtors for the benefit of creditors shall be null and void as against the creditors of said debtors." (C. S., p. 390, § 6.) In *Mussey et al.* v. *Noyes et al.*, 26 Vt. 462, it was said by REDFIELD, Ch. J., that " the term *general*, as applied to assignments, does not have reference, probably, so much to the proportion of creditors as to the proportion of property," and, in that case, the principle was recognized that if the assignment included *substantially* all of a debtor's property, *in trust for the benefit of his creditors*, it should be treated as being a general assignment within the sense and meaning of the statute. The same principle was recognized and re-affirmed in *Noyes & Co.* v. *Hickok, Trustee of Dow*, 27 Vt. 36, and in *Bishop, Smith & Co.* v. *Trustees of Hart*, 28 Vt. 71. When the whole of the debtor's attachable property is included in the assignment; and the

assignment is made in trust for the benefit of creditors, the case is brought within the rule of these decisions, and the character of the instrument is determined as that of a general assignment which, by the act referred to, is declared to be void as against creditors; and we regard the assignment in this case as being clearly of that character. We also regard it as being void at common law by reason of the express resulting trust for the assignor which is declared in the fourth section of the declaration of trust. That section provides that "if any money or other property remains in the possession of the trustee, after payment of expenses and the creditors as above set forth, the same shall be the property of said Lovely, and shall be conveyed to him by said trustee." There was no provision in the instrument for the payment of the debts due from Lovely to Linsley and the other creditors not named in the assignment, and the resulting trust in favor of Lovely contained in this section of the declaration of trust is not an implied but an express trust. A reservation of the residuum to the assignor without providing for all of the creditors before that residuum is to be paid to the assignor renders the assignment void. *Dana, Adm'r*, v. *Lull*, 17 Vt. 390; *Goddard* v. *Hapgood & Trustees*, 25 Vt. 351. This assignment, then, on its face, must be regarded as invalid as against the creditors of the assignor. But it is claimed on the part of the assignee that the contract between Lovely and those of his creditors who were provided for under it, and the other facts attending the transaction, are to be considered in determining the real character of the instrument. That contract was an agreement for a composition and settlement of the debts then due from Lovely to these creditors on certain specified terms, and it was a part of those terms that this instrument of assignment should be executed. Both the contract and the assignment bear the same date, and seem to have been executed at the same time; but the assignment makes no reference to the contract, and it stands as a complete and perfect instrument by itself, having every element of an assignment in trust for creditors, and its essential character was not affected because it was preceded by, or was cotemporaneous with, a contract made by Lovely with the creditors who were to be benefitted by it for a composition and settlement of the debts which he was then owing them. Each instrument was executed for a distinct pur-

pose, and there is no occasion to go beyond the text of either to determine its legal character and effect. The agreement for the composition and settlement of the debts did not, therefore, give any other or different character to the assignment than that which the assignment would be considered as having when standing by itself.

If this assignment was void as to the orator's assignor, who was a creditor of Lovely, the orator is entitled to have it set aside for his benefit, unless he has by some act assented to it, or has become barred by the statute of limitations. The attachment of the real estate of Lovely on the first suit in favor of Linsley against him was prior to the execution of the assignment by Lovely to Hickok, and the assignment was consequently subject to the lien of that attachment. As this lien of the attachment was the superior lien on the property attached, Linsley had no occasion to interfere with the assignment so long as the attachment was pending. His prosecution of the suit did not indicate a purpose to resist the assignment, because the assignment was no obstacle to the enforcement of his lien by the attachment whenever he should recover his judgment. · A prosecution of the suit under such circumstances would indicate no more than a purpose to pursue the lien by the attachment. That Linsley never assented to the assignment is very certain, for the answer of Hickok says that he (Linsley,) was informed of the terms of the assignment and of his opportunity to become a party to the arrangement by signing the agreement for the composition and settlement of the debts against Lovely, and to take his share with the creditors under the assignment, but that, instead of doing this, he chose to rely upon and pursue the prior lien which he had acquired under his attachment. It also appears from the answer of Hickok that the suit in which that attachment was made was contested on the ground that it was brought before the maturity of the debt sought to be recovered in it; and it is agreed by the parties that there were three jury trials in that suit, one verdict having been rendered in favor of the plaintiff and two in favor of the defendant, of which the last was set aside by the supreme court, and that the evidence in respect to this ground of defence was conflicting. The entry of the nonsuit in that suit clearly resulted from a cause not affecting the validity of the claim embraced in the suit, inasmuch as

the orator immediately commenced a new suit in the name of Lins-
ley against Lovely to collect the same debt, and, in this second suit,
all the real estate then in the possession of Hickok as the assignee
of Lovely, remaining undisposed of, was attached, but this suit was
discontinued, agreeably to the provisions of the statute, on the de-
cease of Lovely and the appointment of commissioners to allow
claims against his estate, and the claim on which the suit was com-
menced was presented by the orator in the name of Linsley to the
commissioners and allowed against Lovely's estate. Up to the time
when the first suit was terminated, the assignment was subject to the
attachment and prior lien of Linsley in that suit, but when the at-
tachment in the second suit was made, this relation was changed,
and the right acquired by the attachment became a right which was
adversary or hostile to that which resulted from the assignment.
The second attachment was a distinct notice from the orator to the
defendant Hickok that the orator intended to pursue the attached
property in defiance of and notwithstanding the assignment, but it
cannot be regarded as a notice that he intended to rely upon or claim
anything except the property which was attached; and it did not in-
dicate any purpose on his part to interfere with the assignment in
any other particular. We find no ground to claim that either Lins-
ley or the orator ever assented to or recognized this assignment as a
valid transfer of Lovely's property. On the contrary, both appear
to have resisted and denied the validity of the assignment whenever
there was any occasion calling on them to do so. The debt allowed
in the name of Linsley against the estate of Lovely still remains an
existing debt due to the orator as Linsley's assignee, and is a valid
claim against Lovely's estate, and the assigned property now re-
maining in the hands of Hickok is, as to the orator's right, to be
treated as the property of Lovely's estate. The debt and this as-
signed property being both in existence, as admitted by the answer,
the remedies which the orator, as the assignee of Linsley, is entitled
to pursue and enforce for the purpose of collecting the debt are not
barred by the statute of limitations, or affected by the lapse of time.
The utmost that can be claimed in behalf of the defendant Hickok
in this respect is that the assignment should be treated as valid in
respect to all which was done by him under it prior to the making

of the attachment in the second suit,—that attachment being the first act in the name or right of Linsley indicating a purpose to call in question or test the validity of the assignment.

The subject matter of the orator's bill is clearly within the cognizance of a court of equity, unless, as is claimed on the part of the defendant, the statute has vested an exclusive jurisdiction in such cases in the probate court. In respect to this part of the case, it is to be considered that the matter has now become one of a purely equitable nature,—the legal remedies against the assigned property by attachment and execution falling on the decease of Lovely and the appointment of commissioners of claims against his estate, and being no longer available to the orator,—and that the court of chancery has adequate means to give full redress to the orator and to all interested in the assigned property. The jurisdiction of the probate court, on the contrary, is specific and limited. That court is authorized by the statute, on application for that purpose, to grant a license to the administrator of a deceased person to sell and convey real estate previously conveyed by the deceased by a conveyance which is void as to creditors, when the estate so conveyed by the deceased would in his lifetime have been liable to attachment or the levy of an execution by a creditor for the purpose of making up any deficiency of assets in the hands of such administrator to pay the debts of the deceased ; but it has no jurisdiction or control over such property beyond this specific purpose. It has no power to adjust any equities arising under the conveyance, and especially under a conveyance like the assignment in this case, and there is nothing in the statute provisions applicable to this subject which would imply that this remedy was intended to be exclusive. Those provisions merely furnish a mode, but not the exclusive mode, of subjecting such property to administration in the probate court, and do not derogate from, or affect, the general jurisdiction of the court of chancery over the same subject matter.

It is claimed on the part of the defendant that the creditors provided for in the assignment made by Lovely to Hickok are necessary parties to the orator's bill, and that the bill cannot be sustained without making them parties. This objection is not taken by demurrer or plea nor made in the answer, and might be disregarded for

Therasson *v.* Hickok.

this reason. 1 Daniell's Ch. Pr. (Perkins' third Am. Edit) 285, note 2. The whole subject of the controversy in this case arises out of the acts of the immediate parties to the assignment, and the equity of the orator does not necessarily depend on the question whether the debts due from Lovely to those creditors were valid or not. The assignment made by Lovely was void as to the creditors not provided for in it, even though the debts secured by it were valid and binding obligations against him ; and, for this reason, it is not necessary to determine whether those debts were valid or not. In *Wakeman* v. *Grover et al.*, 4 Paige's Ch. 23, it was held that where a judgment creditor is acting in hostility to an assignment of the debtor's property, it is not necessary for him to make the creditors whose claims are provided for in the assignment parties to a suit to set aside the assignment as ʻfraudulent, and that it is sufficient in a suit for that purpose to make the alleged fraudulent assignors and assignees parties. If the ground of relief relied on by the orator can be established, the creditors provided for in the assignment have no right to the assigned property ; and it is sufficient to bring before the court such parties as are capable of litigating, and bound to litigate, in respect to the matter in controversy. It follows, therefore, that the creditors provided for by the assignment in question are not n ecessary parties to this suit, and that this objection ought not to be sustained.

For the reasons already stated, this assignment must be declared void as against the orator, who represents the right of a creditor of Lovely, the assignor, at the time when it was made, and the orator is entitled to the benefit of his diligence ; but it is not to be treated as void as to the other persons who became creditors of Lovely subsequently to the making of it, nor is it to be set aside as a nullity between the parties to it. *Henriques* v. *Hone*, 2 Edw. Ch. 120, 123 ; Burrill on Assignments, p. 546. While declaring the assignment void as against the right of the orator, we do not think that he should be allowed to compel the defendant Hickok to account for so much of the assigned property, or the proceeds thereof, as had been appropriated, agreeably to its terms, towards the payment of the creditors provided for by it before the commencement of this suit. The attachment in the second suit at law, above mentioned, was

made on the real estate of Lovely then in the hands of Hickok as assignee and remaining undisposed of. This attachment was notice to Hickok that the orator intended to resort to the particular property which was attached for the purpose of satisfying his debt against Lovely, but it was not a notice that he intended to resort to any property which was not included in the attachment, nor did it indicate any purpose on his part to interfere with the assignment in respect to any other property except that which was covered by the attachment. This notice was the first notice to Hickok of the orator's purpose to call in question the validity of the assignment. The property included in this attachment remained in the possession of Hickok at the time of the commencement and filing of the orator's bill, and it is this property only which the orator is in equity entitled to have appropriated to the payment of his debt. As Hickok appears to have made a full and fair disclosure in respect to his proceedings under the assignment, and as nothing appears in the case which is calculated to impeach his good faith in those proceedings, he should not be held answerable for payments made by him under the assignment before he received notice of the orator's purpose to assail it. He should, consequently, be allowed, in the taking of the account, for all such payments made before the filing of the orator's bill, and also for his necessary expenses in converting into money that part of the assigned property which now remains in his possession; and, for the same reason, no costs should be allowed against him. In respect to the property now remaining in his hands as the assignee of Lovely, the creditors provided for by the assignment have no rights except such as must yield to the superior right of the orator; and, as it does not appear, and is not claimed, that there are any other creditors of Lovely except those who became such after the assignment was made, the orator is entitled to a decree which will secure the specific and exclusive application of the property, or its proceeds, to the payment of his debt.

The decree of the chancellor, *pro forma* dismissing the orator's bill with costs to the defendant Hickok is reversed, and the cause will be remitted to the court of chancery with directions to enter a decree setting aside the assignment from Lovely to Hickok, mentioned in the orator's bill, as being void only as against the orator, who is

Therasson *v.* Hickok.

the assignee and representative of the right of Linsley, and referring the case to a master to take an account of the amount due to the orator, as such assignee and representative of the right of Linsley, on the claim allowed in the name of Linsley against the estate of Lovely, as mentioned in the bill, and for interest thereon, and also an account of the assigned property and effects, and the proceeds of the same, in the possession of Hickok, and held by him under and by virtue of the assignment, after allowing him for all payments made previous to the commencement of this suit to the creditors of Lovely who were provided for in the assignment, and his necessary expenses and disbursements in collecting or converting the assigned property into money ; and the master is to allow interest as shall be just, and also to tax the orator's costs in this suit ; and on the coming in of the master's report, a decree is to be entered that the defendant Hickok shall pay or deliver over to the administrators of the estate of Lovely, the other defendants, the proceeds of the assigned property so found remaining in his possession as aforesaid, or so much thereof as will be sufficient to pay the debt due from the estate of Lovely to the orator as the assignee and representative of Linsley, with the interest, and the costs of this suit, and that the administrators of the estate of Lovely shall receive the same from the defendant Hickok, and pay the same over to the orator to be applied on account and in payment of his debt, interest, and costs, agreeably to the prayer of the orator's bill ; and no costs are to be allowed against the defendant Hickok.

The title at the head of the above case should have been LOUIS F. THERASSON *v.* JAMES W. HICKOK, *and the Administrators of* NOBLE LOVELY's *Estate.*